IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARCO VERCH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case #2023-cv-03289-SEM-KLM |
| | ) |
| JOHN C. CURRY d/b/a CURRY CHIROPRACTIC and CURRY CHIROPRACTIC, PLLC, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendants, JOHN C. CURRY d/b/a CURRY CHIROPRACTIC and CURRY CHIROPRACTIC, PLLC, by their attorneys, PATRICK J. SHEEHAN, III of SHEEHAN & SHEEHAN, LAWYERS, P.C., for their Answer and Affirmative Defenses, stating as follows:

## SUMMARY OF THE ACTION

1. Defendants understand that Plaintiff brings this action pursuant to Section 106 of the Copyright Act; however, Defendants deny that any alleged conduct by Defendants violated any such statute and therefore Defendants deny the allegations of Paragraph 1.

2. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 2 and therefore deny the same.

3. Defendants admit the allegations of Paragraph 3.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants deny the allegations of Paragraph 5.

6. Defendants deny the allegations of Paragraph 6.

## JURISDICTION AND VENUE

7. Defendants understand that Plaintiff brings this action pursuant to Section 501 of the Copyright Act; however, Defendants deny that any alleged conduct by Defendants violated any such statute and therefore Defendants deny the allegations of Paragraph 7.

8. Defendants admit the allegations of Paragraph 8.

9. Defendants admit the allegations of Paragraph 9.

10. Defendants admit that venue is proper in the Central District of Illinois – Springfield Division. Defendants deny that they engaged in an "infringement" and the remaining allegations of Paragraph 10.

## DEFENDANTS

11. Defendants admit the allegations of Paragraph 11.

12. Defendants admit the allegations of Paragraph 12.

13. This allegation constitutes a conclusion of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations of Paragraph 13.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 14 and therefore deny the same.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 15 and therefore deny the same.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 16 and therefore deny the same.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 17 and therefore deny the same.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 18 and therefore deny the same.

19. This allegation constitutes a conclusion of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations of Paragraph 19.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 20 and therefore deny the same.

## INFRINGEMENT BY CURRY

### *(WHICH IS DENIED BY DEFENDANTS)*

21. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 23 and therefore deny the same.

24. Defendants deny the allegations of Paragraph 24.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants admit the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27.

28. Defendants deny the allegations of Paragraph 28.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31.

32. Defendants admit that the parties have failed to resolve this matter. Defendants deny the remaining allegations of Paragraph 32.

## COUNT I – COPYRIGHT INFRINGEMENT

### *(WHICH IS DENIED BY DEFENDANTS)*

33. Defendants re-allege and incorporate their responses to the allegations of Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 34 and therefore deny the same.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 35 and therefore deny the same.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

38. Defendants deny the allegations of Paragraph 38.

39. Defendants deny the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

## COUNT II – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

### *(WHICH IS DENIED BY DEFENDANTS)*

41. Defendants re-allege and incorporate their responses to the allegations of Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

42. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 42 and therefore deny the same.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

*ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.*

### AFFIRMATIVE DEFENSES

1. Defendants assert that Plaintiff's Complaint fails to state a claim upon which relief can be granted with regard to all of Plaintiff's claims and should therefore be dismissed with prejudice by the Court pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. Defendants assert that the claims contained in Plaintiff's Complaint are time-barred by the statute of limitations contained in 17 U.S.C. § 507(b).

3. Defendants assert that the claims contained in Plaintiff's Complaint is barred because there is no valid pleading or evidence that Defendants removed or altered copyright management information, and because there is no valid pleading or other evidence to support the required elements of "knowledge" or a "reasonable grounds to know" that any such alleged removal or alteration of copyright management information would induce, enable, facilitate, or conceal an infringement of any right provided in Title 17.

4. Defendants assert that the claims contained in Plaintiff's Complaint are barred or should be reduced because of Plaintiff's own unclean hands.

5. Defendants assert that the claims contained in Plaintiff's Complaint are barred or should be reduced because of Plaintiff failed to mitigate his damages.

6. Defendants assert that the claims contained in Plaintiff's Complaint are barred or should be reduced because there is no actual injury to Plaintiff as a result of any of the alleged conduct.

7. Defendants assert that Plaintiff cannot recover his attorneys' fees because there was no infringement and because there was no willful infringement.

8. Defendants assert that the claims contained in Plaintiff's Complaint are barred or should be reduced because of the equitable principles of waiver, laches, and estoppel.

9. Defendants assert that the claims contained in Plaintiff's Complaint are barred or should be reduced because the underlying alleged copyright registration is invalid and not enforceable.

10. Defendants assert that the claims contained in Plaintiff's Complaint are barred or should be reduced because Defendants' use of the Photo, if any, constitute "fair use" under applicable law, which means Plaintiff's claims fail.

11. Defendants assert that the claims contained in Plaintiff's Complaint are barred or should be reduced because the conduct alleged by Defendants, if any, is not an infringement of Plaintiff's alleged copyrights as a result of the Doctrine of Merger.

12. Defendants assert that the claims contained in Plaintiff's Complaint are barred or should be reduced because the conduct alleged by Defendants, if any, is not an infringement of Plaintiff's alleged copyrights as a result of the *Scenes a Faire* Doctrine.

13. Defendants assert that the claims contained in Plaintiff's Complaint are barred or should be reduced because the conduct alleged by Defendants, if any, is protected by the First Amendment to the United States Constitution.

14. Defendants assert that the claims contained in Plaintiff's Complaint are barred because the Plaintiff acquiesced and consented to Defendant's alleged use of the Photo.

15. Defendants assert that the claims contained in Plaintiff's Complaint are barred because the alleged use of Plaintiff's Photo, if any, was *de minimis* in relation to the entire substance of the copyright registration claimed by Plaintiff as the basis for this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants, JOHN C. CURRY d/b/a CURRY CHIROPRACTIC and CURRY CHIROPRACTIC, PLLC, respectfully request that the Court enter judgment in favor of Defendants and against Plaintiff, that the Court assess all costs against Plaintiff, and that the Court award Defendants, JOHN C. CURRY d/b/a CURRY CHIROPRACTIC and CURRY CHIROPRACTIC, PLLC, their attorneys' fees, interest, and any and all other relief which Defendants are justly entitled.

## **JURY TRIAL DEMANDED**

Respectfully submitted,

**JOHN C. CURRY d/b/a CURRY CHIROPRACTIC and CURRY CHIROPRACTIC, PLLC, Defendants**

By: /s/ Patrick J. Sheehan, III
     Attorney for Defendants

*Attorneys for Defendants:*
Patrick J. Sheehan, III (#6317916)
SHEEHAN & SHEEHAN, LAWYERS, P.C.
1215 South 4th Street
Springfield, IL  62703
(217) 544-0701| jr@sheehanlaw.net

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 4, 2023, I filed the within DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES with the Clerk of the Court using the electronic filing system (CM/ECF) which will send notification of such filing to the following:

Evan A. Anderson
SRIPLAW, P.A.
3355 Lenox Road NE, Suite 750
Atlanta, GA 30326
evan.anderson@sriplaw.com

                                      /s/ Patrick J. Sheehan, III