KGO 6333-23005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| **MARCO VERCH,** | ) |
| Plaintiff, | ) |
| v. | ) Case #2023-cv-03289-SEM-KLM |
| **JOHN C. CURRY** d/b/a **CURRY CHIROPRACTIC,** | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant, John C. Curry, D.C., by his attorneys, Johnson & Bell, Ltd., and for his Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff MARCO VERCH ("Verch") brings this action for violations of his exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Verch's original copyrighted Work of authorship.

**ANSWER:** Defendant understands that Plaintiff brings this action pursuant to Section 106 of the Copyright Act; however, Defendant denies that any alleged conduct by it violated any such statute and therefore Defendant denies the allegations of Paragraph 1.

2. Verch is a photographer from Cologne, Germany. He has been working as a photographer for many years and enjoys taking pictures of scenery from his travels, sporting events, food, flowers, cars, drones and more. He also takes photos for advertisements and fundraising campaigns.

**ANSWER:**   Defendant lacks knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

3.      Defendant JOHN C. CURRY d/b/a CURRY CHIROPRACTIC ("Curry") is a chiropractor and owner of Curry Chiropractic, PLLC. with locations in Petersburg, Illinois and Springfield, Illinois. The Curry Chiropractic team is committed to providing chiropractic solutions to address client's unique needs, whether the client is experiencing back pain, neck pain, headaches, or even muscular tightness and tension. Dr. Curry emphasizes improving his patient's health in an effort to reduce the risk of pain and illness and is one of the main reasons people seek care at his practice.

**ANSWER:** Defendant admits the averments of Paragraph 3.

4.      At all times relevant herein, Curry owned and operated the Facebook account located at the URL https://www.facebook.com/johncurryDC/ (the "Facebook Account").

**ANSWER:** Defendant admits the averments of Paragraph 3.

5.      Verch alleges that Curry copied his copyrighted Work from the internet in order to advertise, market and promote its business activities. Curry committed the violations alleged in connection with its business.

**ANSWER:** Defendant admits that plaintiff makes said averments but denies any violations of the Copyright Act and denies all liability to plaintiff.

## JURISDICTION AND VENUE

6.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

**ANSWER:** Defendant admits that plaintiff makes said averments under the Copyright Act, 17 U.S.C. § 501 but Defendant denies that he engaged in conduct violative of the Copyright Act and denies all liability to plaintiff.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

**ANSWER:** Defendant admits the averments of Paragraph 7.

8. Defendant is subject to personal jurisdiction in Illinois.

**ANSWER:** Defendant admits the averments of this Paragraph 8.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

**ANSWER:** Defendant admits that venue is proper in the Central District of Illinois – Springfield Division. Defendant denies that he engaged in an "infringement" and denies the remaining averments of Paragraph 9, and each of them.

### DEFENDANT

10. John C. Curry is the owner of Curry Chiropractic, PLLC. His principal place of business is at 13936 State Highway 97, Petersburg, Illinois 62675, and he can be served at 2536 Farragut Drive, Springfield, IL 62704.

**ANSWER:** Defendant admits the averments of this paragraph.

### THE COPYRIGHTED WORK AT ISSUE

11. In 2018, non-party Liliya Krivorychko created the photograph entitled "Delicious junk food - Burger iced drink and fries," which is shown below and referred to herein as the "Work."

**ANSWER:** Defendant lacks knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

12. Liliya Krivorychko subsequently transferred all rights in the Work to Plaintiff Verch.

**ANSWER:** Defendant lacks knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

13. Verch registered the Work with the Register of Copyrights on February 25, 2020, and was assigned registration number VA 2-196-997. The Certificate of Registration is attached hereto as **Exhibit 1.**

**ANSWER:** Defendant admits that Plaintiff has attached the referenced exhibit to his Complaint, but Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph.

14. Verch published the Work on September 7, 2019, by displaying it on his Flickr page at https://www.flickr.com/photos/30478819@N08/48692488766/ (the "Flickr Page"). At the time he published the Work on the Flickr Page and at all times thereafter, Verch offered usage rights to the public through the Creative Commons CC BY 2.0 license (the "CC License"), which allowed the public to share and adapt the Work provided that appropriate attribution was made, including appropriate credit to Verch, a link to the license, and a statement of whether any changes were made to the Work.

**ANSWER:** Defendant lacks knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

15. Verch's display of the Work on the Flickr Page also included copyright management information ("CMI") next to the Work in the form of Verch's name, copyright notice, and the link to the licensing terms (collectively the "Attributions").

**ANSWER:** Defendant lacks knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

16. Verch's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

**ANSWER:** Defendant lacks knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

17. At all relevant times Verch was the owner of the copyrighted Work.

**ANSWER:** Defendant lacks knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

## INFRINGEMENT BY CURRY

18. Curry has never been licensed to use the Work for any purpose.

**ANSWER:** Defendant denies the averments of this Paragraph 18.

19. On a date after the Work was created, but prior to the filing of this action, Curry copied the Work.

**ANSWER:** Defendant denies the averments of this Paragraph 18.

20. On or about October 2, 2020, Verch discovered the unauthorized use of his Work on the Facebook Account at the URL https://www.facebook.com/315999278590680/videos/384637259184312/. Evidence of the infringement of the Work is attached hereto as **Exhibit 2.**

**ANSWER:** Defendant lacks knowledge to form a belief as to the truth of the averments of this Paragraph 20.

21. On information and belief, the Facebook Account was controlled and operated by Curry under the account name "Curry Chiropractic".

**ANSWER:** Defendant denies the averments of this Paragraph 21, and each of them.

22. The Facebook Account and Curry Chiropractic website, https://www.currychiro.com/, link to each other. Curry is featured on both the Facebook Account and the company's website.

**ANSWER:** Defendant admits the averments of this Paragraph 22.

23. Curry Chiropractic assumed the obligations and liabilities associated with the Facebook Account.

**ANSWER:** Defendant denies the averments of this Paragraph 23, and each of them.

24. Curry copied Verch's Work without permission or authority.

**ANSWER:** Defendant denies the averments of this Paragraph 24, and each of them.

25. After Curry copied the Work, he made further copies and distributed the Work on the internet to promote the sale of goods and services as part of his chiropractic business.

**ANSWER:** Defendant denies the averments of this Paragraph 25, and each of them.

26. Curry copied and distributed Verch's copyrighted Work in connection with his business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

**ANSWER:** Defendant denies the averments of this Paragraph 26, and each of them.

27. Verch never gave Curry permission or authority to copy, distribute or display the Work at issue in this case.

**ANSWER:** Defendant denies the averments of this Paragraph 27, and each of them.

28. Verch notified Curry of the allegations set forth herein on March 21, 2023, and May 15, 2023. To date, the parties have failed to resolve this matter.

**ANSWER:** Defendant admits only that the parties have not as yet resolved the matter but denies the remaining averments of this Paragraph 28.

## COUNT I
## COPYRIGHT INFRINGEMENT

29. Verch incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

**ANSWER:** Defendant repeats and restates its answers and denials to paragraphs 1 through 28 of Plaintiff's First Amended Complaint in response to this Paragraph 29 as though fully stated herein.

30. Verch owns a valid copyright in the Work at issue in this case.

**ANSWER:** Defendant lacks knowledge to form a belief as to the truth of the averments of this Paragraph 20.

31. Verch registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

**ANSWER:** Defendant lacks knowledge to form a belief as to the truth of the averments of this Paragraph 20.

32. Defendant copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

**ANSWER:** Defendant denies the averments of this Paragraph 32, and each of them.

33. Defendant performed the acts alleged in the course and scope of its business activities.

**ANSWER:** Defendant denies the averments of this Paragraph 32, and each of them.

34.     Defendant's acts were willful.

**ANSWER:** Defendant denies the averments of this Paragraph 32, and each of them.

35.     Verch has been damaged.

**ANSWER:** Defendant denies the averments of this Paragraph 32, and each of them.

36.     The harm caused to Verch has been irreparable.

**ANSWER:** Defendant denies the averments of this Paragraph 32, and each of them.

## COUNT II
### REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

37.     Verch incorporates the allegations of paragraphs 1 through 36 of this Complaint as if fully set forth herein.

**ANSWER:** Defendant repeats and restates its answers and denials to paragraphs 1 through 36 of Plaintiff's First Amended Complaint in response to this Paragraph 37 as though fully stated herein.

38.     The Work contains copyright management information ("CMI") in the form of the Attributions on the Flickr Page.

**ANSWER:**   Defendant lacks knowledge to form a belief as to the truth of the averments of this Paragraph 38.

39.     Defendant knowingly and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Work on the Website without any of the Attributions in violation of 17 U.S.C. § 1202(b).

**ANSWER:** Defendant denies the averments of this Paragraph 39, and each of them.

40.     Defendant distributed the Work to Facebook knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

**ANSWER:** Defendant denies the averments of this Paragraph 40, and each of them.

41.     Defendant committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

**ANSWER:** Defendant denies the averments of this Paragraph 41, and each of them.

42.     Defendant caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Verch's rights in the Work at issue in this action protected under the Copyright Act.

**ANSWER:** Defendant denies the averments of this Paragraph 42, and each of them.

43.     Verch has been damaged.

**ANSWER:** Defendant denies the averments of this Paragraph 43, and each of them.

44.     The harm caused to Verch has been irreparable.

**ANSWER:** Defendant denies the averments of this Paragraph 44, and each of them.

*ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.*

WHEREFORE, Defendant, JOHN C. CURRY, D.C., denies that he is liable to plaintiff for the amounts sought herein, or any sums whatsoever, respectfully moves for entry of judgment in favor of Defendant and against Plaintiff, that the Court assess all costs against Plaintiff, that the Court award Defendant, JOHN C. CURRY, D.C. his attorneys' fees, interest, and costs wrongfully incurred herein, and for any and all other relief to which Defendant is justly entitled.

### AFFIRMATIVE DEFENSES

NOW COMES Defendant, John C. Curry, D.C., by his attorneys, Johnson & Bell, Ltd., and pleading in the alternative and without waiver of its answers and denials herein and denying all

liability to Plaintiff, for his Affirmative Defenses to Plaintiff's First Amended Complaint, stating as follows:

1. Defendant avers that Plaintiff's Complaint fails to state a claim upon which relief can be granted with regard to all of Plaintiff's claims and should therefore be dismissed with prejudice by the Court pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. Defendant avers that the claims contained in Plaintiff's Complaint are time-barred by the statute of limitations contained in 17 U.S.C. § 507(b).

3. Defendant avers that the claims contained in Plaintiff's Complaint is barred because there is no valid pleading or evidence that Defendant removed or altered copyright management information, and because there is no valid pleading or other evidence to support the required elements of "knowledge" or a "reasonable grounds to know" that any such alleged removal or alteration of copyright management information would induce, enable, facilitate, or conceal an infringement of any right provided in Title 17.

4. Defendant avers that the claims contained in Plaintiff's Complaint are barred or should be reduced because of Plaintiff's own unclean hands.

5. Defendant avers that the claims contained in Plaintiff's Complaint are barred or should be reduced because Plaintiff has failed to mitigate his damages.

6. Defendant avers that the claims contained in Plaintiff's Complaint are barred or should be reduced because there is no actual injury to Plaintiff as a result of any of the alleged conduct.

7. Defendant avers that Plaintiff cannot recover his attorneys' fees because there was no infringement and because there was no willful infringement.

8. Defendant avers that the claims contained in Plaintiff's Complaint are barred or should be reduced because of the equitable principles of waiver, laches, and estoppel.

9. Defendant avers that the claims contained in Plaintiff's Complaint are barred or should be reduced because the underlying alleged copyright registration is invalid and not enforceable.

10. Defendant avers that the claims contained in Plaintiff's Complaint are barred or should be reduced because Defendants' use of the Photo, if any, constitute "fair use" under applicable law, which means Plaintiff's claims fail.

11. Defendant avers that the claims contained in Plaintiff's Complaint are barred or should be reduced because the conduct alleged against Defendants, if any, is not an infringement of Plaintiff's alleged copyrights as a result of the Doctrine of Merger.

12. Defendant avers that the claims contained in Plaintiff's Complaint are barred or should be reduced because the conduct alleged against Defendants, if any, is not an infringement of Plaintiff's alleged copyrights as a result of the *Scenes a Faire* Doctrine.

13. Defendant avers that the claims contained in Plaintiff's Complaint are barred or should be reduced because the conduct alleged against Defendants, if any, is protected by the First Amendment to the United States Constitution.

14. Defendant avers that the claims contained in Plaintiff's Complaint are barred because the Plaintiff acquiesced and consented to Defendant's alleged use of the Photo.

15. Defendant avers that the claims contained in Plaintiff's Complaint are barred because the alleged use of Plaintiff's Photo, if any, was *de minimis* in relation to the entire substance of the copyright registration claimed by Plaintiff as the basis for this case.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant, JOHN C. CURRY, D.C., denies that he is liable to plaintiff for the amounts sought herein, or any sums whatsoever, respectfully moves for entry of judgment in favor of Defendant and against Plaintiff, that the Court assess all costs against Plaintiff, that the Court award Defendant, JOHN C. CURRY, D.C. his attorneys' fees, interest, and costs wrongfully incurred herein, and for any and all other relief to which Defendant is justly entitled. Alternatively, Defendant prays that any judgment as may be rendered against him be reduced or barred based on the foregoing Affirmative Defenses.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**JOHN C. CURRY, D.C.**

By: /s/ Kevin G. Owens
One of his attorneys

Kevin G. Owens – owensk@jbltd.com
JOHNSON & BELL, LTD.
33 W. Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 372-0770
Fax: (312) 372-9818

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2024, I filed the within DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of the Court using the electronic filing system (CM/ECF) which will send notification of such filing to the following:

Evan A. Anderson
SRIPLAW, P.A.
3355 Lenox Road NE, Suite 750
Atlanta, GA 30326
evan.anderson@sriplaw.com

/s/ Kevin G. Owens